IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYCE A. BONJORNO,

        Plaintiff,

v.                                                Case No. 25-1042-JWB

STATE OF KANSAS, DEPARTMENT FOR
CHILDREN AND FAMILIES, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss. (Doc. 24.) The motion has been fully briefed and is ripe for decision. (Docs. 25, 26.) The motion is TAKEN UNDER ADVISEMENT for the reasons stated herein.

**I.    Facts**

Plaintiff Tyce Bonjorno is proceeding pro se in this matter and asserts various civil rights violations and state law claims against Defendants Kansas Department for Children and Families ("DCF"), Secretary of the DCF Laura Howard, Kansas Child Support Services ("CSS"), Director of CSS Marci Martinez, and DCF Investigator Lanie Trendel. (Doc. 22.) Plaintiff's amended complaint is 101 pages in length with 38 pages of exhibits. It asserts claims under 42 U.S.C. §§ 1983, 1985(3), 15 U.S.C. § 1681s-2, various constitutional amendments, and Kansas state law. Plaintiff alleges that his rights have been violated by Defendants' actions in enforcing a fraudulent child support order despite evidence that he is not the biological father of the child, seizing his federal tax refund, reporting delinquencies to the credit bureau, denying his request for DNA

1

testing, violating his due process and equal protection rights in state court proceedings, and ignoring multiple reports of child abuse over a period of years. (Doc. 22 at 2.)

Defendants' move to dismiss the amended complaint on the basis that it violates Rule 8.

## II.        Analysis

Federal Rule of Civil Procedure 8(a) provides a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Rule 8(d)(1). Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be no more than 'a short and plain statement')." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). Only a "generalized statement of the facts" is "permissible." *Id.* Failure to comply with these pleading requirements can result in dismissal sua sponte. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure."). While pro se pleadings are construed liberally, a pro se Plaintiff must follow the federal rules of civil procedure, including Rule 8. *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995)).

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir.

1989). These purposes are thwarted when a complaint is unnecessarily long and includes "a morass of irrelevancies." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017).

Plaintiff's amended complaint is 101 pages with an additional 38 pages of exhibits. Plaintiff's amended complaint utilizes numbered paragraphs but then it also includes roman numerals and bullet points for other paragraphs. Plaintiff's numbering is not consistent throughout the amended complaint which makes it difficult to follow. Further, although Plaintiff's amended complaint attempts to identify various claims identified by "counts," Plaintiff's allegations throughout the amended complaint make references to various other laws and statutes. Therefore, it is not clear exactly what claims are being made against which defendants. Moreover, the facts related to the claims are spread throughout the amended complaint. Plaintiff makes no effort to specifically state the facts relevant to each claim. Plaintiff also includes repetitive allegations throughout the amended complaint, legal arguments, and case discussions. Such inclusions make the amended complaint difficult to follow and they are unnecessary. Essentially, Plaintiff's "extended discussion of his claims cloud, rather than illuminate, whatever facts and law may support his right to recovery." *Frazier*, 2007 WL 10765, at *2.

In sum, the court finds that the amended complaint violates Rule 8(a) and is subject to dismissal. The court will allow Plaintiff an opportunity to correct the deficiencies and comply with Rule 8(a). In doing so, Plaintiff must utilize the court's form civil complaint which is available online. Plaintiff may attach extra pages for his claims but each claim must be clearly identified and numbered. Plaintiff must also **concisely** allege the facts as to each claim. The factual allegations are not to contain any legal argument or citation to cases. Although the court understands that Plaintiff is anticipating certain defenses, it is not appropriate or necessary for these legal arguments to appear in a complaint. *See Baker*, 686 F. App'x at 620–21 (discussing

that legal argument about abstention, tolling, statute of limitations, and other doctrines is "unnecessary and irrelevant at this stage.")

**III.  Conclusion**

Defendants' motion to dismiss (Doc. 24) is TAKEN UNDER ADVISEMENT. Plaintiff is to file an amended complaint on the court's civil complaint form on or before June 27, 2025. Failure to do so will result in dismissal of this action without further notice. Plaintiff's motion for a temporary restraining order (Doc. 27) is DENIED AS A MOOT in light of the deficiencies in Plaintiff's operative amended complaint.

IT IS SO ORDERED.  Dated this 11th day of June, 2025.

                                                            __s/ John W. Broomes_____
                                                            JOHN W. BROOMES
                                                            UNITED STATES DISTRICT JUDGE