IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYCE A. BONJORNO,

        Plaintiff,

        v.

LAURA HOWARD, et al.,

        Defendants.

Case No. 6:25-cv-01042-HLT-GEB

## MEMORANDUM AND ORDER

Plaintiff Tyce Bonjorno[1] has been engaged in a state-court child-custody dispute for years. This is the second of three federal cases he has filed stemming from his child-custody battle. Bonjorno's overarching allegation in this case is that there has never been a lawful adjudication of his paternity. He argues the state court therefore lacked jurisdiction to enter orders. Bonjorno sues the Kansas Department for Children and Families (DCF), Child Support Services (CSS), and individuals associated with these entities. He brings constitutional claims and a federal statutory claim for various actions related to his paternity and reports of child abuse. He seeks $18 million in compensatory and punitive damages plus injunctive and declaratory relief.

The Court remains sympathetic toward Bonjorno's situation and his frustration with the state-court proceedings. But Bonjorno has not submitted a federal complaint that complies with the mandate of Federal Rule of Civil Procedure 8(a). Defendants pointed this out in three separate motions to dismiss. Plaintiff amended twice; once in response to Defendants' first motion and once in response to court order. But he still fails to plead facts sufficient to state a claim to relief that is

---

[1] The Court liberally construes Bonjorno's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

plausible on its face. The Court grants Defendants' third motion to dismiss (Doc. 35). The case is dismissed with prejudice.

## I. BACKGROUND

### A. Procedural Background

This is the third complaint Bonjorno has filed in this case. Bonjorno filed his original complaint on March 6, 2025. It is 41 pages long. In it, Bonjorno purportedly asserted six claims, but each claim included multiple allegations of laws violated. He addressed at least six anticipated defenses. And he summarily listed case citations for various statements of law.

Defendants moved to dismiss Bonjorno's original complaint for improper service and for failure to state a claim. Doc. 10. Defendants relied on Rule 8(a)(a) and 8(d)(1)'s requirements that a complaint contain a "short and plain statement" of the claims and that each claim be "simple, concise, and direct." They argued that Bonjorno's original complaint consisted of "random sections and various bullet point[s]" and that they were unable to meaningfully respond. Bonjorno responded in opposition and contemporaneously filed a motion to amend his complaint. Docs. 11, 12. The Court granted Bonjorno's motion to amend as unopposed. Doc. 21.

Bonjorno's first amended complaint (FAC) is 101 pages long plus 37 pages of exhibits. Doc. 22. Defendants filed a second motion to dismiss. Doc. 24. Defendants again asserted Bonjorno's pleading failed to comply with Rule 8(a)'s "short and plain statement" requirement, arguing:

> There is nothing "short and plain" about the Plaintiff's Amended Complaint as it consists of the following:
> - One-hundred and one (101) pages with an additional thirty-seven (37) pages of exhibits, all of which are improperly attached to the pleading;
> - An uncertain number of claims, ranging from at least five to more than twelve;
> - The failure to concisely tie relevant facts to the alleged claims;

> - The failure to specifically identify which claim applies to which defendant;
> - Over half of the pleading consists of improper legal arguments and frequent repetition of allegations; and
> - An overall lack of coherent structure with the original Complaint ending at page 86 and then seemingly repeating some of the same content over the next twenty-five (25) pages.
>
> By any measure, the Plaintiff's Amended Complaint fails to satisfy federal pleading standards and makes it impossible for DCF to answer or otherwise plead to same.

Doc. 24 at 3-4.

Judge Broomes was assigned to this case at the time. He reviewed the briefing and agreed that Bonjorno's FAC failed to satisfy Rule 8(a). Doc. 28 at 3. Judge Broomes made the following observations about Bonjorno's FAC:

> Plaintiff's amended complaint utilizes numbered paragraphs but then it also includes roman numerals and bullet points for other paragraphs. Plaintiff's numbering is not consistent throughout the amended complaint which makes it difficult to follow. Further, although Plaintiff's amended complaint attempts to identify various claims identified by "counts," Plaintiff's allegations throughout the amended complaint make references to various other laws and statutes. Therefore, it is not clear exactly what claims are being made against which defendants. Moreover, the facts related to the claims are spread throughout the amended complaint. Plaintiff makes no effort to specifically state the facts relevant to each claim. Plaintiff also includes repetitive allegations throughout the amended complaint, legal arguments, and case discussions. Such inclusions make the amended complaint difficult to follow and they are unnecessary.

*Id.* He gave Bonjorno an opportunity to correct the deficiencies and amend again to avoid dismissal. Specifically, he directed Bonjorno:

> Plaintiff must utilize the court's form civil complaint which is available online. Plaintiff may attach extra pages for his claims but each claim must be clearly identified and numbered. Plaintiff must also concisely allege the facts as to each claim. The factual allegations are not to contain any legal argument or citation to cases. Although the court understands that Plaintiff is anticipating certain

3

> defenses, it is not appropriate or necessary for these legal arguments to appear in a complaint.

*Id.* at 4.

Bonjorno timely filed his SAC. Doc. 29. He then filed a supplement about a week later and has since filed two more related documents. Docs. 31, 33, & 34. Defendants moved to dismiss for a third time Doc. 35.

This series of events makes clear that Bonjorno was on notice that his operative complaint must connect claims with Defendants and state facts relevant to each claim. The Court has no obligation to refer to superseded pleadings when reviewing a motion challenging the operative complaint. It is long-established that an amended complaint ordinarily renders the original of no legal effect. *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

### B.     Operative Complaint

Bonjorno's SAC consists primarily of 60+ numbered paragraphs structured in the same format. Each paragraph begins with an alleged single-sentence statement of fact. It then identifies a constitutional amendment violated by that fact (and in one instance a federal statute), followed by one or more named defendants. The following paragraphs serve as representative examples:

1. Plaintiff was ordered to pay child support for a child he never fathered. (Violation: Fourteenth Amendment – Substantive Due Process) (Defendants: CSS, Marcie Martinez)
2. Plaintiff never signed the birth certificate and was denied visitation. (Violation: Fourteenth Amendment – Parental Rights) (Defendants: CSS, Marcie Martinez, Laura Howard)
3. The child's mother admitted in writing that Plaintiff is not the father. (Violation: Fourteenth Amendment – Governmental Indifference) (Defendants: DCF, CSS, Laura Howard)
4. A 2024 motion for DNA testing was denied without a hearing. (Violation: Fourteenth Amendment – Procedural Due Process) (Defendants: DCF, CSS, Marcie Martinez, Laura Howard)
5. In May 2024, a Satisfaction of Judgment confirmed zero arrears. (Violation: Fifth Amendment – Protection from Double Recovery) (Defendants: CSS, Marcie Martinez)

> 6. CSS seized Plaintiff's 2024 tax refund and continued garnishment. (Violation: Fifth Amendment – Unlawful Seizure) (Defendants: CSS, Marcie Martinez)

Doc. 29-1 at 2-3. The result is a substantially shorter operative complaint (16 pages). The facts do not include legal argument, case citations, or reference to anticipated defenses. The organization is improved. Bonjorno's modifications unquestionably improve readability. They also draw clear connections between each individual factual allegation, each constitutional claim, and each defendant.

Highly summarized, Bonjorno alleges Defendants violated his constitutional rights because his paternity has never been established. According to Bonjorno, this fact nullifies every court order in state court. And it renders any action taken by Defendants unlawful. Bonjorno generally complains of being forced to pay child support for a child he did not father, Defendants' failure to investigate his claims of abuse, and Defendants' retaliatory acts against him.

## II.   STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While the 12(b)(6) standard does not require that [the plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citation omitted). A court undertaking this analysis accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions.

*Iqbal*, 556 U.S. at 678. Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

### III.   ANALYSIS[2]

The third time is not a charm in this case. The Court appreciates Bonjorno's effort to help Defendants and the Court understand his claims. But readability does not equate to plausibility. Rule 8(a) requires a short and plain statement showing the pleader is entitled to relief from the named defendant. Bonjorno lists 50+ causes of action in his SAC. Most of these are connected to a single factual allegation that does not show an entitlement to relief from the named defendant. For example, paragraph 1 asserts that CSS and Marcie Martinez violated Bonjorno's substantive due process right because Bonjorno "was ordered to pay child support for a child he never fathered." But CSS and Martinez cannot and did not order Bonjorno to pay child support. This paragraph does not state a claim. Another example is in paragraph 2. Bonjorno alleges that CSS, Martinez, and Laura Howard violated his "parental rights" under the Fourteenth Amendment because Bonjorno "never signed the birth certificate and was denied visitation." But there are no allegations that these defendants were involved in signing the birth certificate or that they have authority to or did deny visitation.

The Court could discuss nearly every paragraph in the same manner. Bonjorno has creatively named many of his causes of action, such as claims under the Fourteenth Amendment for:

---

[2] Bonjorno asks the Court to disregard Defendants' motion as untimely. The Court declines to do so. Judge Broomes took Defendants' second motion to dismiss under advisement and told Bonjorno to file a SAC or risk dismissal on June 11. Bonjorno filed his SAC on June 15. He filed a supplement to the SAC on June 27. Judge Broomes denied Defendants' second motion to dismiss without prejudice to refiling on June 27. Bonjorno supplemented again on July 4. Defendants filed their third motion to dismiss on July 17. Defendants moved within 14 days of Bonjorno's second supplement to his SAC. It is disingenuous for Bonjorno to want his supplements considered but not Defendants' motion. In any event, the Court could (and would) sua sponte raise the matters addressed in this memorandum and order.

- "institutional bias" because Bonjorno "notified DCF about a recording where the mother said, 'we know the judge'" (paragraph 15),

- "systemic neglect" because "Georgetown Advocacy Center documented abuse but DCF ignored it" (paragraph 23),

- "indifference to legal evidence" because "DCF did not respond after Plaintiff's attorney sent abuse documentation" (paragraph 28),

- "endangerment by inaction" because "DCF failed to investigate after CPS forwarded reports of attempted drowning" (paragraph 44),

- "pattern of governmental silence" because "CSS and DCF suppressed dozens of reports without internal review" (paragraph 53), and

- "denial of parental identity" because "DCF has never acknowledged Plaintiff's role as a legal or biological parent" (paragraph 56).

Bonjorno's naming conventions only confuse the matter further. Neither Defendants nor the Court can ascertain whether Bonjorno actually intends more than 50 individual causes of action, or whether he intends for multiple facts to support a lesser number of claims (and if so, how many claims, and which ones). Many of the actions listed are innocuous standing alone. Paired with other actions, perhaps collectively they would state a claim. But Bonjorno has not indicated how actions should be grouped, what the elements are for any single claim, or how Defendants' actions meet those elements.

It is not enough to identify a group of statutes and allege generally that Defendants violated them. *See Bailot v. Colorado*, 385 F. App'x 853, 855 (10th Cir. 2010) (affirming dismissal of complaint when "[t]he complaint did little to connect the facts alleged with any cause of action, nor did it indicate how the defendants are responsible for the behavior described"). This does not plausibly state a claim in federal court. *See Bishop v. Romer*, 1999 WL 46688, at *3 (10th Cir. 1999) (affirming dismissal of complaint that "consist[ed] of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional

7

violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [the plaintiff's] claims"); *Swint v. Mueller*, 2021 WL 2822601, at *1 (D.N.M. 2021) (finding the complaint failed to comply with Rule 8(a) where it "[did] not include discernable claims" and instead simply stated "Title VII – Discrimination").

The Court understands that drafting a pleading can be difficult and daunting. And it is clear that Bonjorno has tried to comply with Judge Broomes's direction. But he still fails to state his claims in a way that Defendants can meaningfully respond to them. And it would unfairly prejudice Defendants to afford Bonjorno a fourth try in this case. They have now been defending this case for the better part of five months. Bonjorno is not entitled to serial chances to correct identified deficiencies. The Court dismisses the SAC.

The Court dismisses Bonjorno's SAC with prejudice because of the unfair prejudice to Defendants and because amendment would be futile. Bonjorno has already received multiple opportunities to amend. And Bonjorno's own statements show that dismissal of this federal case is inevitable. He represents the "most critical fact in this case [is that] [t]here has never been a lawful adjudication of paternity." Doc. 36 at 1. But in state court, the Rush County judge said there <u>has</u> been an adjudication of paternity. Doc. 33-1 at 1. This effectively means Bonjorno wants this federal court to reverse or ignore a prior state-court order. Reviewing state-court orders ordinarily is not something a federal court does. If a state-court proceeding is final, the *Rooker-Feldman*[3] doctrine prohibits this review. The *Younger*[4] abstention doctrine prohibits it if the state-court proceeding is ongoing. And there is also a third reason federal courts do not interfere with certain state-court proceedings: the domestic relations exception to federal-court jurisdiction. This rule

---

[3] *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).
[4] *Younger v. Harris*, 401 U.S. 37 (1971).

prohibits federal courts from "decid[ing] those issues regularly decided in state court domestic relations actions such as divorce, alimony, child custody, or the support obligations of a spouse or parent." *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989). Even if Bonjorno tried to fix the problems with this case, he cannot get around the fact that this Court cannot give him the relief he wants. The Court therefore dismisses the case with prejudice.

## IV.   CONCLUSION

The Court is sympathetic to the stress that the adjudication of his parental rights has undoubtedly placed on Bonjorno. And the Court is sensitive to the difficulties inherent in litigating in federal court absent legal counsel or legal education. But there are significant shortcomings in Bonjorno's SAC. Most notably, he fails to comply with Rule 8 after three tries to do so. And even if the Court were inclined to let him try again, there are fatal flaws with the case that would render his efforts futile. Dismissal with prejudice is warranted.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 35) is GRANTED. The Court DISMISSES Bonjorno's claims WITH PREJUDICE.

The case is closed. Fed. R. App. P. 4 grants Plaintiff 30 days to file an appeal.

IT IS SO ORDERED.

Dated: August 13, 2025              /s/ *Holly L. Teeter*
                                    HOLLY L. TEETER
                                    UNITED STATES DISTRICT JUDGE